**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 26-cv-22476-BLOOM/Elfenbein

FAST RESPONSE MARINE
TOWING & SALVAGE, LLC,

      Plaintiff,

v.

A 2025 60' AZIMUT MAGELLANO
60 BEARING HULL ID NO.
XAX60M22E425, IN REM, AND
MARINEMAX, INC., IN PERSONAM,

      Defendants.

_____/

<u>**ORDER ON MOTION TO STRIKE AFFIRMATIVE DEFENSES**</u>

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Strike Defendants' Affirmative Defenses ("Motion"), ECF No. [9]. Defendants filed a Response, ECF No. [21], to which Plaintiff filed a Reply, ECF No. [22]. The Court has reviewed the Motion, the Response, the Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted in part and denied in part.

## I.    BACKGROUND

Plaintiff Fast Response Marine Towing & Salvage, LLC, ("Fast Response") filed this maritime action on behalf of its employee salvor who responded to a request for immediate assistance to salvage a vessel taking on water while docked at a marina. ECF No. [1]. The claims against Defendants are alleged *in personam* against vessel owner MarineMax, Inc. ("MarineMax") and *in rem* against a 2025 60' Azimut Magellano 60 Bearing Hull ID No. XAX60M22E425 ("Vessel").

Plaintiff alleges that, on December 25, 2025, Vessel was taking on water while docked at MarineMax Miami. *Id*. ¶ 12. A MarineMax employee or subcontractor contacted Fast Response to request immediate assistance. *Id*. ¶ 13. Upon the salvor's arrival and recognition of the extent of the Vessel's water intake, the salvor left to retrieve his salvage vessel equipped with specialized equipment. *Id*. ¶ 14. The salvor returned to Vessel, dewatered it, and piloted it upriver where it was hauled out of the water. *Id*. ¶¶ 16-17. The salvor observed damage consistent with a grounding. *Id.* ¶ 18. Plaintiff alleges it saved Vessel from peril, and absent its efforts, Vessel likely would have sank or otherwise sustained significant saltwater damage. *Id*. ¶¶ 19-20. Vessel's post-casualty, pre-repair, fair market value is approximately $3,500,000. *Id*. ¶ 22. Plaintiff claims entitlement to at least $350,000 for its successfully rendered salvage services. *Id*. ¶ 23.

Plaintiff's Complaint asserts three claims: Claim for Pure Salvage Award against Defendants (Count I), Foreclosure of Maritime Lien for Salvage against Vessel (Count II), and Foreclosure of Maritime Lien for Salvage against MarineMax (Count III). ECF No. [1]. Defendants filed their Answer and Affirmative Defenses, asserting fifteen Affirmative Defenses. ECF No. [8]. Plaintiff filed the instant Motino to strike all fifteen of Defendants' Affirmative Defenses. ECF No. [9].

## II.    LEGAL STANDARD

While a denial challenges the accuracy of an allegation, an affirmative defense "admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matters." *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668, 671 (S.D. Fla. 2013) (citing *Royal Palm Sav. Ass'n v. Pine Trace Corp.*, 716 F. Supp. 1416, 1420 (M.D. Fla. 1989)).

Affirmative defenses are not held to the same pleading standard under Federal Rule of Civil Procedure 8(a) and explained in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft*

*v. Iqbal*, 556 U.S. 662 (2009). *See Northrop and Johnson Holding Co., Inc. v. Leahy*, No. 16-cv-63008, 2017 WL 5632041, at *2 (S.D. Fla. Nov. 22, 2017). Rather, Rule 8(c) establishes the standard, and affirmative defenses need only "provide fair notice of the nature of the defense and the grounds upon which it rests." *Id*. A defense provides fair notice when it puts into issue "relevant and substantial legal and factual questions." and the plaintiff has not shown that it will be prejudiced by allowing the defense to stand. *JazAtlanta 519 LLC v. Beazley Underwriting, Ltd.*, No. 18-cv-60498, 2018 WL 4743634, at *4 (S.D. Fla. Oct. 2, 2018) (quoting *Niagara Distrib., Inc. v. N. Ins. Co. of N.Y.*, No. 10-61113-CIV, 2011 WL 13096637, at *1 (S.D. Fla. Apr. 8, 2011)).

Rule 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). District courts have "broad discretion in considering a motion to strike under Fed. R. Civ. P. 12(f)." *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1317-18 (S.D. Fla. 2005). Despite this discretion, "'[a] motion to strike is a drastic remedy[,]' which is disfavored by the courts and 'will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'" *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (internal citation omitted). An affirmative defense must be stricken when the defense is comprised of no more than bare-bones, conclusory allegations and is insufficient as a matter of law. *Northrop*, 2017 WL 5632041, at *3.

## III.    DISCUSSION

Plaintiff argues that Defendants' Affirmative Defenses should be stricken because they are either denials, conclusory statements, misstatements of law, or contradict applicable rules. ECF No. [9]. Defendants respond that the Affirmative Defenses provide fair notice under the Rule 8 pleading requirements, and Plaintiff does not argue that it would be prejudiced by the assertion of

any of the Affirmative Defenses. ECF No. [21] at 4. Plaintiff replies that prejudice is not required, but it is prejudiced by unnecessarily expanding discovery on unsubstantiated assertions and legally deficient theories. ECF No. [22] at 3-4.

As a preliminary matter, the parties disagree on the pleading standard applicable to affirmative defenses. Plaintiff argues that courts in this District have applied the pleading requirements of *Twombly* and *Iqbal* to affirmative defenses. ECF No. [9] at 2. Defendants respond that their affirmative defenses need only provide fair notice of the basis of their defenses. ECF No. [21] at 4.

This Court has consistently held that Rule 8(a), *Twombly*, and *Iqbal* do not apply to affirmative defenses, which need only "provide fair notice of the nature of the defense and the grounds upon which it rests." *Northrop and Johnson Holding Co., Inc.*, 2017 WL 5632041, at *3. However, under this standard, an affirmative defense must be stricken when the defense is comprised of no more than bare-bones, conclusory allegations or is insufficient as a matter of law. Id. Through that lens, the Court applies the pleading standard to each Affirmative Defense.

### A. Withdrawn Defenses

Defendants agree to withdraw their First, Second, and Tenth Affirmative Defenses. *See* ECF No. [21] at 2. Accordingly, the First, Second, and Tenth Affirmative Defenses are stricken.

### B. Third Affirmative Defense

The Third Affirmative Defense states, "[t]he degree of danger, the risk incurred by Plaintiff, and the alleged risk to the environment were of a relatively low order and therefore any salvage award in this matter should be assessed accordingly using the relevant salvage criteria." ECF No. [8] at 5.

Plaintiff argues the Third Affirmative Defense merely denies its assertion of the significant degree of danger to Vessel and Plaintiff's salvor. ECF No. [9] at 3. Defendants respond that the Third Affirmative Defense puts Plaintiff on notice of the issues they intend to litigate, and Plaintiff does not argue it would be prejudiced by the Affirmative Defense. ECF No. [21] at 4.

"While the ordinary default rule is that plaintiffs bear the risk of failing to prove their claims, the burden is properly placed on the defendant when certain issues can fairly be characterized as affirmative defenses or exemptions." *Garcia-Bengochea v. Carnival Corp.*, 407 F. Supp. 3d 1281, 1286 (S.D. Fla. 2019) (quoting *Meacham v. Knolls Atomic Power Lab'y*, 554 U.S. 84, 93 (2008)) (alterations adopted; internal quotations omitted). When a defendant labels a specific denial as an affirmative defense, the proper resolution is not to strike the defense, but instead to treat it as a denial. *Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, No. 07–20608-CIV, 2007 WL 2412834, at *2-3 (S.D. Fla. Aug. 21, 2007).

Here, Plaintiff's Complaint generally alleges that Vessel was "imperiled" and was at risk of sinking or significant damage. *See* ECF No [1] ¶¶ 15, 19, 20. Defendants' Answer denies those allegations. *See* ECF No. [8] ¶¶ 15, 19, 20. Where Defendants' Third Affirmative Defense disputes the degree of danger and risk to Vessel, it can appropriately be considered a denial of the facts alleged in the Complaint because it "merely reiterate[s] Defendant's answers and denials . . . of the Complaint." *See Kapow of Boca Raton, Inc. v. Aspen Specialty Ins. Co.*, No. 17-cv-80972, 2017 WL 5159601, at *4 (S.D. Fla. Nov. 7, 2017). Rather than strike the defense, the Court treats Defendants' Third Affirmative Defense as a specific denial. *See Home Mgmt. Solutions, Inc.*, 2007 WL 2412834, at *2-3. Therefore, the Third Affirmative Defense is not stricken.

### C.  Fourth Affirmative Defense

The Fourth Affirmative Defense states, "[a]ny salvage award in this matter should be predicated upon an appropriate percentage of the post-salvage value with due consideration to other relevant salvage criteria." ECF No. [8] at 5.

Plaintiff argues the Fourth Affirmative Defense is a bare-bones, conclusory statement. ECF No. [9] at 7. Defendants respond that Plaintiff's argument provides no such basis and the Fourth Affirmative Defense acts to put Plaintiff on notice. ECF No. [21] at 5. Plaintiff replies that the Fourth Affirmative Defense is forfeited due to Defendants' failure to respond to the argument that it is conclusory. ECF No. [22] at 6-7. The Court addresses these arguments in turn.

Regarding Plaintiff's failure to respond argument, "[a] party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed." *Jones v. Bank of America*, 564 F. App'x 432, 434 (11th Cir. 2014) (quoting *Kramer v. Gwinnett Cnty., Ga.*, 306 F. Supp. 2d 1219, 1221 (N.D. Ga. 2004)). In *Jones*, the court determined that plaintiffs' failure to address defendant's argument that it is entitled to summary judgment meant plaintiffs abandoned the claim, and the court granted summary judgment in defendant's favor. *Id.* A party's failure to respond may be considered an admission where the overarching issue, not its particular argument, is ignored. Here, Defendants address Plaintiff's argument that the Fourth Affirmative Defense should be stricken and provide their rationale as to why it is properly pled. ECF No. [21] at 5-6. Therefore, the Fourth Affirmative Defense is not stricken on the basis that Defendants failed to respond to Plaintiff's argument.

Plaintiff does not articulate the Fourth Affirmative Defense's prejudicial nature. Given that this lawsuit concerns Plaintiff's maritime lien and salvage award of Vessel, Plaintiff is aware of the relevance of the criteria for evaluating a salvage award to this action, and there is no identifiable

prejudice to Plaintiff. *See Adams*, 294 F.R.D. at 672 ("Given that this lawsuit concerns Defendants' allegedly insufficient payments to Plaintiff, Plaintiff is doubtless aware of any funds she may have received from Defendants and the relevance of such funds to this action. This defense thus causes no prejudice to Plaintiff."). That said, Defendants' Fourth Affirmative Defense is conclusory. The Fourth Affirmative Defense states generalities upon which post-salvage value should be evaluated but does not provide any facts that would inform what is appropriate or what the relevant criteria is, therefore failing to provide Plaintiff with adequate notice of the grounds for the defense. *See JazAtlanta 519 LLC*, 2018 WL 4743634, at *4. As a result, the Fourth Affirmative Defense is stricken.

### D.  Fifth Affirmative Defense

The Fifth Affirmative Defense states, "Plaintiff did not display significant effort, skill, or energy in its alleged salvage of the subject vessel. The effort, skill, or energy employed does not support the claim Plaintiff is now pursuing against Defendants." ECF No. [8] at 6.

Plaintiff argues the Fifth Affirmative Defense simply denies the Complaint's allegation that Plaintiff satisfies the second *Blackwall* factor.[1] ECF No. [9] at 4. Defendants respond that this Affirmative Defense puts Plaintiff on notice of issues they intend to litigate, and Plaintiff does not argue it would be prejudiced by the assertion of this Affirmative Defense. ECF No. [21] at 4.

The Fifth Affirmative Defense is a direct response to Plaintiff's allegations of the effort and skill employed to salvage Vessel in Paragraphs 16, 20, 29, and 35 of Plaintiff's Complaint. *See*

---

[1] The *Blackwall* factors originate from *The Blackwall*, 77 U.S. 1 (1869) and provide the six different "main ingredients in determining the amount of the reward to be decreed for a salvage service . . . ." *Id.* at 14. The *Blackwall* factors are: "(1.) The labor expended by the salvors in rendering the salvage service. (2.) The promptitude, skill, and energy displayed in rendering the service and saving the property. (3.) The value of the property employed by the salvors in rendering the service, and the danger to which such property was exposed. (4.) The risk incurred by the salvors in securing the property from the impending peril. (5.) The value of the property saved. (6.) The degree of danger from which the property was rescued." *Id.*

ECF No. [1] at 3-5. Thus, similar to Defendants' Third Affirmative Defense, the Fifth Affirmative Defense "merely reiterate[s] Defendant's answers and denials . . . of the Complaint." *Kapow*, 2017 WL 5159601, at *4. Rather than strike the defense, the Court treats Defendants' Fifth Affirmative Defense as a specific denial.

### E. Sixth Affirmative Defense

The Sixth Affirmative Defense states, "Plaintiff is inflating its claims and as such the claims should be limited or barred altogether." ECF No. [8] at 6.

Plaintiff argues the Sixth Affirmative Defense denies Defendants' assertion of entitlement to the amount of the salvage award sought. ECF No. [9] at 4. Defendants respond that this Affirmative Defense puts Plaintiff on notice of issues they intend to litigate and Plaintiff does not argue it would be prejudiced. ECF No. [21] at 4.

Unlike the Third and Fifth Affirmative Defenses, Defendants present "relevant facts to link the defense to the controversy" in the Sixth Affirmative Defense. *See JazAtlanta 519 LLC*, 2018 WL 4743634, at *4. Here, Defendants attempt to avoid a salvage award and maritime lien against the Vessel by alleging that Plaintiff inflated its claims, providing notice that Defendants challenge the underlying basis of Plaintiff's claims. This Affirmative Defense provides fair notice as it puts into issue "relevant and substantial legal and factual questions," and Plaintiff has not shown that it will be prejudiced by allowing the Affirmative Defense to stand. *See Adams*, 294 F.R.D. at 672. Therefore, the Sixth Affirmative Defense is not stricken.

### F. Seventh Affirmative Defense

The Seventh Affirmative Defense states, "Plaintiff did not incur any significant risk to its crew or to its equipment to justify the claimed salvage award." ECF No. [8] at 6.

Plaintiff argues this Affirmative Defense is a denial of the Complaint's allegation that Plaintiff satisfies the third and fourth *Blackwall* factors. ECF No. [9] at 4. Defendants respond that this Affirmative Defense puts Plaintiff on notice of issues they intend to litigate, and Plaintiff does not argue it would be prejudiced. ECF No. [8] at 6.

The Seventh Affirmative Defense does not merely reiterate and deny Paragraphs 16 and 18 of Plaintiff's Complaint, which state that Plaintiff's salvor immediately retrieved his equipped salvage vessel and used "his professional skills and experience" to search for the source of the intrusion and dewater Vessel. ECF No. [1] ¶¶ 16, 18. Paragraphs 16 and 18 make no mention of the risk involved in the salvage operation. *See id.* Rather, those allegations lend themselves to better satisfy the second and third *Blackwall* factors.[2] Paragraphs 16 and 18 refer to the labor expended by Plaintiff's salvor and the speed, skill, and energy required in saving Vessel. Defendants present an issue not addressed in Plaintiff's allegations, and the risk involved in the salvage operation. As such, the Seventh Affirmative Defense puts forward new issues that are "relevant and substantial legal and factual questions," and Plaintiff has not shown that it will be prejudiced by allowing the defense to stand. *See JazAtlanta 519 LLC*, WL 4743634, at *4; *Adams*, 294 F.R.D. at 672. Therefore, the Seventh Affirmative Defense is not stricken.

### G. Eighth Affirmative Defense

The Eighth Affirmative Defense states, "Plaintiff has knowingly and intentionally inflated the post-casualty value of the salved vessel thus defeating or minimizing any award for salvage herein." ECF No. [8] at 6.

---

[2] ". . . (2.) The promptitude, skill, and energy displayed in rendering the service and saving the property. (3.) The value of the property employed by the salvors in rendering the service, and the danger to which such property was exposed. (4.) The risk incurred by the salvors in securing the property from the impending peril . . . ." *The Blackwall*, 77 U.S. at 14.

Plaintiff argues this Affirmative Defense is a denial of the fifth *Blackwall* factor[3] as alleged in the Complaint and is a misstatement of law. ECF No. [9] at 4, 8. Plaintiff argues that the post-casualty value is a factor to consider in assessing a salvage award but does not determine whether any award is allowed or whether it must be minimized. *Id.* at 8. Defendants respond that this Affirmative Defense puts Plaintiff on notice of issues they intend to litigate, and Plaintiff does not argue it would be prejudiced. ECF No. [21] at 4. Plaintiff replies that Defendants fail to address their argument that the Eighth Affirmative Defense misstates the law and therefore must be stricken. ECF No. [22] at 7. The Court addresses these arguments in turn.

The overarching argument regarding Plaintiff's Motion to strike the Eighth Affirmative Defense does not go entirely unanswered. Defendants satisfactorily address Plaintiff's argument and provide their rationale as to why the Affirmative Defense is properly pled. ECF No. [21] at 4. The Eighth Affirmative Defense will not be stricken.

Similar to Defendants' Sixth Affirmative Defense, the Eighth Affirmative Defense is not a specific denial of the value of the Vessel, but puts Plaintiff on notice by presenting relevant facts, such as an intentionally inflated post-casualty value of the Vessel, that link it to the controversy. Defendants attempt to avoid damages by presenting circumstances that may defeat or minimize Plaintiff's claim. *See JazAtlanta 519 LLC*, 2018 WL 4743634, at *4. If Plaintiff indeed knowingly and intentionally inflated the salved vessel's post-casualty value, it acts to negate satisfaction of the fifth *Blackwall* factor. As Plaintiff has not established it is prejudiced, the Eighth Affirmative Defense is not stricken. *See Adams*, 294 F.R.D. at 672.

---

[3] " . . . (5) The value of the property saved." *The Blackwall*, 77 U.S. at 14.

### H.  Ninth Affirmative Defense

The Ninth Affirmative Defense states, "[t]he time, equipment and materials Plaintiff expended in this matter was minimal and does not support Plaintiff's claim." ECF No. [8] at 7.

Plaintiff argues the Ninth Affirmative Defense is an implicit denial of Plaintiff's satisfaction of an unclear combination of the *Blackwall* factors. ECF No. [9] at 4. Defendants respond that this Affirmative Defense puts Plaintiff on notice of the issues they intend to litigate by clearly identifying the factual issue in dispute. ECF No. [21] at 4.

The Ninth Affirmative Defense directly contradicts varying arguments in the Complaint and denies the premise of Paragraph 14, which states, "[Plaintiff]'s salvor promptly arrived on scene by car, and, upon realizing the extent of the saltwater inside Vessel's engine room, [Plaintiff's salvor] immediately left to retrieve his salvage vessel which was equipped with high powered dewatering pumps and other specialized equipment." ECF No. [1] ¶ 14. Rather than strike the Affirmative Defense, the Court treats Defendants' Ninth Affirmative Defense as a specific denial.

### I.  Eleventh Affirmative Defense

The Eleventh Affirmative Defense states, "Plaintiff's claims may be barred in whole or in part by the doctrines of consent, laches, fraud, waiver, estoppel, set off and/or unclean hands." ECF No. [8] at 7.

Plaintiff argues that the Eleventh Affirmative Defense, under Federal Rule of Civil Procedure 8(a), is conclusory for stating legal doctrines and failing to provide facts alleging how the doctrines apply. ECF No. [9] at 7. Defendants argue the Affirmative Defense, under Rule 8(c), provides fair notice of the issues that may be raised later. ECF No. [21] at 6.

Plaintiff cites *Perlman v. Wells Fargo Bank, N.A.*, No. 10-81612-CV, 2014 WL 4449602, at *2 (S.D. Fla. Sept. 10, 2014), in support of its argument that stating legal doctrines or terms

without explaining how or why they apply to Plaintiff's claims makes an affirmative defense conclusory. ECF No. [9] at 7. Although *Perlman* applied the heightened pleading standard under Rule 8(a), *Perlman*'s conclusion aligns with this Court's application of a less stringent pleading standard derived from the language of Rule 8(b) and 8(c). Both *Northrop* and *Perlman* require an affirmative defense to provide fair notice to the plaintiff. *See Northrop*, 2017 WL 5632041, at *3; *Perlman*, 2014 WL 4449602, at *1. Bare-bones, conclusory allegations unsupported by facts must be stricken. *Id.*

The Eleventh Affirmative Defense lists seven unique equitable doctrines that are all distinct claims for relief. Defendants do not provide any facts to suggest how those doctrines apply to this case. Therefore, the Eleventh Affirmative Defense is conclusory as it merely states multiple legal doctrines and fails to state facts in support of their application.[4] The Eleventh Affirmative Defense is stricken.

### J.   Twelfth Affirmative Defense

The Twelfth Affirmative Defense states, "Plaintiff forfeited any potential salvage award by grossly exaggerating the value and services performed and as such the claims should be limited or barred altogether." ECF No. [8] at 7-8.

Plaintiff argues the Twelfth Affirmative Defense is a misstatement of the relevant law because the value of services performed speaks to one of the *Blackwall* factors but does not limit or bar a claim. ECF No. [9] at 8. Defendants respond that a salvor's gross exaggeration limiting a

---

[4] The Eleventh Affirmative Defense also lists multiple legal doctrines, thus commingling distinct claims. In the Rule 8(a) pleading context, the Eleventh Circuit has opined on the importance of "present[ing] . . . claims discretely and succinctly," which includes "separating into a different count each cause of action or claim for relief." *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322-23 (11th Cir. 2015).

salvage award is not a misstatement of law but is grounded in well-established principles of good faith in admiralty law. ECF No. [21] at 7.

An affirmative defense is insufficient and subject to being stricken if "it is clearly invalid as a matter of law." *See Perlman*, 2014 WL 4449602, at *1 (quoting *Pujas ex rel. El Rey De Los Habanos, Inc. v. Garcia*, 777 F. Supp. 2d 1322, 1328 (S.D. Fla. 2011)). Admiralty law recognizes that misconduct, including exaggerations of value, may forfeit or reduce a salvage award. *See Higgins, Inc. v. The Tri-State*, 99 F. Supp. 694, 698 (S.D. Fla. 1951) ("The courts . . . consistently have declared any right to compensation for salvage forfeited or reduced in amount in cases where salvors have taken advantage or attempted to take advantage of the unfortunate by . . . gross exaggerations of values and dangers, false representations of material matters, or other acts of misconduct."); *The Bello Corrunes*, 19 U.S. 152, 153 (1821) ("The rights of salvage may be forfeited by spoliation, smuggling, or other gross misconduct of the salvors."). Here, the Twelfth Affirmative Defense contends that Plaintiff forfeited a salvage award by grossly exaggerating the value of services performed. As such, the Twelfth Affirmative Defense is based on an established legal principle and is not clearly invalid as a matter of law. Therefore, the Twelfth Affirmative Defense is not stricken.

### K. Thirteenth Affirmative Defense

The Thirteenth Affirmative Defense states, "Plaintiff's efforts did not contribute to the success of the subject vessel's salvage." ECF No. [8] at 8.

Plaintiff argues that the Thirteenth Affirmative Defense is a denial of its alleged contributions to the salvage of Vessel. ECF No. [9] at 5. Defendants respond that this Affirmative Defense puts Plaintiff on notice of the issues they intend to litigate by clearly identifying the factual issue in dispute. ECF No. [21] at 4.

The Thirteenth Affirmative Defense directly contradicts varying allegations in the Complaint. Paragraph 19 of the Complaint states, "Plaintiff saved the Defendant Vessel from peril." ECF No. [1] ¶ 19. Paragraph 20 states, "[w]ithout [Plaintiff]'s efforts, the Defendant Vessel likely would have sank or otherwise sustained significant saltwater damage." *Id.* ¶ 20. Thus, the Thirteenth Affirmative Defense merely denies Paragraphs 19 and 20. Rather than strike the defense, the Court treats Defendants' Thirteenth Affirmative Defense as a specific denial.

### L. Fourteenth Affirmative Defense

The Fourteenth Affirmative Defense states, "Plaintiff instituted an oppressive suit and required the posting of a bond out of all proportion to the value of the alleged services rendered and as such the claims should be limited or barred altogether." ECF No. [8] at 8.

Plaintiff argues that the Fourteenth Affirmative Defense is no defense at all but instead takes issue with applicable rules. ECF No. [9] at 9. Defendants respond that the Fourteenth Affirmative Defense does not challenge Local Admiralty Rule E(8)(a)(i),[5] but Plaintiff's conduct while pursuing the salvage claim and the factual basis for the amount of security demanded. ECF No. [21] at 8.

The Fourteenth Affirmative Defense states that Plaintiff instituted an oppressive suit, which resulted in an out-of-proportion bond. That does not challenge Rule E(8)(a)(i)'s calculation of the bond, but Plaintiff's conduct, which resulted in a bond requirement disproportionate to the actual value of the alleged services. As explained above, misconduct and gross exaggerations of values and dangers are relevant in maritime law and may forfeit or reduce salvage awards. *See The Bello*

---

[5] In accordance with Federal Rules of Civil Procedure Rule E(5), Southern District of Florida Local Rule E(8)(a)(i) sets out the requirements of a bond as a precondition of release of a vessel in admiralty actions and states, "[t]he amount alleged to be due in the complaint, with interest at six percent per annum from the date claimed to be due to a date twenty-four months after the date the claim was filed, or by filing an approved stipulation, or bond for the amount alleged plus interest as computed in this subsection." S.D. Fla. Admiralty R. E(8)(a)(i) (implementing Fed. R. Civ. P. E(5)).

*Corrunes*, 19 U.S. at 153; *Higgins, Inc.*, 99 F. Supp. At 698. Thus, the Fourteenth Affirmative Defense provides notice of Plaintiff's alleged misconduct. The Fourteenth Affirmative Defense is not stricken.

### M. Fifteenth Affirmative Defense

The Fifteenth Affirmative Defense states, "[t]here was no reasonable apprehension of peril as the vessel was at no risk, even without any aid rendered by Plaintiff." ECF No. [8] at 8.

Plaintiff argues that the Fifteenth Affirmative Defense simply denies that Plaintiff's services constitute a salvage as Defendants allege there was no reasonable apprehension of peril. ECF No. [9] at 5. Defendants respond that this Affirmative Defense puts Plaintiff on notice of the issues they intend to litigate by clearly identifying the factual issue in dispute. ECF No. [21] at 4.

Similar to Defendants' Thirteenth Affirmative Defense, the Fifteenth Affirmative Defense reiterates and denies Paragraphs 19 and 20 of Plaintiff's Complaint. Paragraph 19 states, "Plaintiff saved the Defendant Vessel from peril." ECF No. [1] ¶ 19. Paragraph 20 states, "[w]ithout [Plaintiff]'s efforts, the Defendant Vessel like would have sank or otherwise sustained significant saltwater damage. *Id.* ¶ 20. Rather than strike the defense, the Court treats Defendants' Fifteenth Affirmative Defense as a specific denial.

## IV.   CONCLUSION

For the reasons stated above, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion, **ECF No. [9]**, is **GRANTED in part and DENIED in part.**

   a. Defendants' First, Second, Fourth, Tenth, and Eleventh Affirmative Defenses are **STRICKEN.**

Case No. 26-cv-22476-BLOOM/Elfenbein

b.  Defendants' Third, Fifth, Sixth, Seventh, Eighth, Ninth, Twelfth, Thirteenth, Fourteenth, and Fifteenth Affirmative Defenses are **NOT STRICKEN.**

c.  Defendants' Third, Fifth, Ninth, Thirteenth, and Fifteenth Affirmative Defenses are treated as denials.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 29, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

16